IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO VEGA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-442 |
| ) | Judge Arthur J. Schwab/ |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| ADAM OAKES, JEFF BUCKETT, MARK ) | |
| KNEZOVICH, PENNSYLVANIA BOARD ) | |
| OF PROBATION AND PAROLE HEAD OF, ) | |
| JEFFERSON COUNTY PENNSYLVANIA ) | |
| PARTIES OF AGENCIES OF, ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| PARTIES OF AGENCIES OF, JANE JOHN ) | |
| DOE, HEAD OF SENATE, JANE JOHN ) | |
| DOE, HEAD OF HOUSE OF ) | |
| REPRESENTATIVES, JANE JOHN DOE, ) | |
| HEAD OF LEGISLATURE, ) | |
| PENNSYLVANIA ATTORNEY GENERAL, ) | |
| JANE JOHN DOE, COMMONWEALTH OF ) | |
| PENNSYLVANIA, PARTIES OF, ) | |
| AGENCIES OF, JANE/JOHN DOE, HEAD ) | |
| OF PENNSYLVANIA SENATE, ) | |
| JANE/JOHN DOE, HEAD OF ) | |
| PENNSYLVANIA HOUSE OF ) | |
| REPRESENTATIVES, JANE/JOHN DOE, ) | |
| HEAD OF PENNSYLVANIA ) | |
| LEGISLATURE, JANE/JOHN DOE, ) | |
| PENNSYLVANIA ATTORNEY GENERAL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

## II. REPORT

Domingo Vega ("Plaintiff") is currently incarcerated at the State Correctional Institution in Mercer ("SCI-Mercer"). Plaintiff has filed a civil rights complaint (the "Complaint"), making two basic claims. One is that his constitutional rights were violated when he was forced to take a polygraph examination as a probationer who was Hispanic and did not understand English and no interpreter was provided to him. As a consequence of the polygraph examination, "Plaintiff[']s one year probation turned into a five year maximum sentence." ECF No. 1 at 5.

The gravamen of the second claim is that Plaintiff was prosecuted for invalid crimes due to the fact that the Commonwealth of Pennsylvania does not have a valid enacting clause in its state constitution according to Plaintiff. Plaintiff alleges that the invalid enacting clause was amended in 1972 whereas a previous amendment to the state constitution was made in 1968 and having two amendments to the state constitution so closely enacted violated the state constitution's alleged prohibition on having more than one amendment to the state constitution in a five year period. As a consequence, according to Plaintiff, "there is no constitutional authenticity [sic] jurisdiction for crimes codes, acts, etc[.] and Plaintiff is unlawfully confined." Id.

By way of relief, Plaintiff seeks compensatory and punitive damages, "plus correction of sentence and immediate release." Id. at 7.

It is recommended that the Complaint be dismissed for failure to state a claim before service because success on either of Plaintiff's two claims would necessarily call into question the validity of his sentence or convictions in violation of Heck v. Humphrey, 512 U.S. 477 (1994).

## A. RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint, ECF No. 1, was originally filed in the United States District Court for the Middle District of Pennsylvania, which transferred the case to this Court. ECF No. 8. At the time of the initiation of this civil action, Plaintiff was a prisoner in SCI-Mercer. Plaintiff is proceeding *pro se*. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), was granted. ECF No. 14

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, and/or because Plaintiff is a prisoner suing government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See

4

California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  In addition, the Court does not need to accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  Twombly, 550 U.S. at 555.  Or put another way, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

### C.  DISCUSSION

#### 1. The polygraph claims are barred by Heck.

Plaintiff's first claim is that he was improperly forced to take a polygraph examination on May 6, 2015 where he was not provided with a Spanish interpreter and, apparently, as a consequence of him not passing the polygraph examination, his probation was revoked and he was sentenced to a five year maximum sentence.  While the Complaint names a total of 15 different Defendants, it appears only 4 of the 15 were involved in the alleged polygraph incident: Adam Oakes (Plaintiff's parole agent); Jeff Burkett, (the Jefferson County District Attorney)

both of whom required Plaintiff to take the polygraph examination, and Mark Knezovich (the polygraph examiner); and the Pennsylvania Board of Probation and Parole (collectively, the "Polygraph Defendants").

Plaintiff is attempting to sue the Polygraph Defendants for forcing him to take a polygraph examination as a probationer without an interpreter, where the result of the polygraph examination was the revocation of Plaintiff's probation and the imposition of a five year sentence. We find that such a claim by Plaintiff is barred by Heck.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted).

In the instant case, Plaintiff alleged in his Complaint a direct causal connection between the forced polygraph examination without an interpreter and the revocation of his probation. Plaintiff alleged that "on 5-6-15, 11:15am, the Plaintiff (Hispanic male) was forced to take a polygraph test, without a [sic] interpreter nor in Spanish language, by Adam Okes [sic], Parole

6

Agent, and Jeff Burkett, Jefferson County District Attorney. The test was administered by Defendant Mark Knezovich. **As a result** the Plaintiff[']s 1 year probation turned into a five year maximum sentence." ECF No. 1 at 5 (emphasis added).

We find that under the facts as alleged in the Complaint, if Plaintiff were to succeed in establishing that the polygraph test violated his constitutional rights, with the necessary consequence that his probation was revoked and a sentence of incarceration was imposed, then such success would necessarily call into question his current sentence given the but-for-causal connection between the allegedly unconstitutional polygraph test and the revocation of probation. See, e.g., Garland v. Joseph J. Peters Inst. (JJPI), No. 2:16-CV-00527, 2017 WL 1196639, at *3 (E.D. Pa. March 31, 2017) ("The Court agrees with Defendants that a judgment in favor of Garland in this case would necessarily imply the invalidity of his probation revocation. As the transcript of Garland's revocation hearing makes clear, his probation was revoked because he was discharged from JJPI as a result of failing the polygraph examination. The gravamen of Garland's claims in this case is that Defendants' administration of the polygraph examination and the introduction of the examination results at the revocation hearing violated his Fifth Amendment rights. Because success in these claims would necessary imply the invalidity of the revocation, Garland's claims are barred by Heck."); Neri v. New Jersey State Parole Bd., No. CIV. 13-3722 RBK AMD, 2014 WL 546114, at *1 (D.N.J. Feb. 10, 2014) (holding that Heck barred a claim where Plaintiff claimed, inter alia, that "his Fifth Amendment right against self-incrimination was violated during the parole revocation proceedings when he was made to take a 'maintenance polygraph.'"); See also Webb v. Owens, 308 F. App'x 775, 775–76 (5th Cir. 2009) ("The district court properly held that Webb's claim that he was denied his right to choose his own polygraph examiner was barred under Heck. Accordingly, the district court did not

abuse its discretion by denying Webb's request for declaratory relief on this issue. . . . ); Miles v. Texas Bd. of Pardons & Paroles, No. CIV.A. H-09-3193, 2009 WL 3255168, at *1 (S.D. Tex. Oct. 7, 2009), *aff'd*, 379 F. App'x 420 (5th Cir. 2010) (finding Heck barred a claim based upon the assertion that Plaintiff's "parole was revoked, most recently, on October 17, 2007, after he failed a routine polygraph examination that he was required to take pursuant to the conditions of his release."). Accordingly, Plaintiff's claims regarding the polygraph examination fail to state a claim upon which relief can be granted under Heck and should be dismissed.

### 2. Plaintiff's claims about invalid criminal statutes are barred by Heck.

Plaintiff's second claim is that his criminal conviction and resulting sentence of probation as well as the sentence of incarceration imposed as a result of his probation revocation are all invalid because Pennsylvania does not have a valid crimes code under which he could be convicted and sentenced given that the 1972 Amendment of the Pennsylvania state constitution is invalid, which necessarily invalidates his conviction and sentence.

If Plaintiff were to succeed in establishing that the state's criminal code was invalid and therefore, his conviction and sentencing were invalid, such success would self-evidently and necessarily call into question his conviction and sentence. Consequently, Plaintiff's second claim is barred by Heck.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                      Respectfully submitted,

                                                      s/Maureen P. Kelly
                                                      MAUREEN P. KELLY
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE

Date: June 2, 2017

cc: The Honorable Arthur J. Schwab
       United States District Judge

       DOMINGO VEGA
       GT-2382
       801 BUTLER PIKE
       MERCER, PA 16137